IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID C. LETTIERI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-270-L-BN |
| | § | |
| SECURUS TECHNOLOGIES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff David C. Lettieri, incarcerated at the Niagara County jail, in Niagara, New York, filed a *pro se* complaint asserting violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and provisions of New York law against Defendant Securus Technologies and requesting $100,000 in damages because a video game that Lettieri purchased from Securus failed to deliver on the number of zombies advertised. *See, e.g.*, Dkt. No. 3 at 7 (where the "game information from Securus" promised "waves of zombies," "the plaintiff did play for hours while stuck in Niagara County Jail, but it wasn't fun since there [were] no monsters or even zombies like it states"); *id.* ("[T]he plaintiff was expecting to [shoot] zombies. In five hundred and ten levels, there was not one zombie to shoot[ ]. This does fit under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).").

Lettieri also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So United States District Judge Sam A. Lindsay referred this case to the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

The Court will grant Lettieri leave to proceed IFP through a separate order, subjecting his claims to screening under 28 U.S.C. § 1915(e)(2).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

## Legal Standards

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting

*Iqbal*, 556 U.S. at 679)).

## Analysis

Lettieri fails to allege a plausible claim for false advertising under Section 1125(a) based on his purchasing a videogame from Securus that was not as zombie packed as he was led to believe.

> [T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales. A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act – a conclusion reached by every Circuit to consider the question. Even a business misled by a supplier into purchasing an inferior product is, like consumers generally, not under the Act's aegis.

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014) (citations omitted).

Lettieri also throws in citations to New York statutes, but he does not identify those laws by name, much less allege facts to show how each law could apply to his factual scenario.

And, while Lettieri alleges that Securus may be served at a post office box in Dallas, Texas, he fails to plead Securus's citizenship and thus fails to allege federal subject matter jurisdiction under 28 U.S.C. § 1332.

So, because Lettieri has only pled federal subject matter jurisdiction under 28 U.S.C. § 1331, based on the Lanham Act claim, once that claim is dismissed at this initial stage, there will no longer be an "independent basis of subject matter jurisdiction" to allow for supplemental jurisdiction under 28 U.S.C. § 1367 for the remaining state law counts. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2

(5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

Accordingly, as to any remaining claims arising under state law, the Court should decline to exercise supplemental jurisdiction over those claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *see also IntegraNet Physician Res., Inc. v. Texas Indep. Providers, L.L.C.*, 945 F.3d 232, 241-43 (5th Cir. 2019), *overruled on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (en banc).

As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted). And, here, that balance favors relinquishing jurisdiction over remaining state law claims.

**Leave to Amend**

The ability to file objections to this recommendation (as further explained

below) allows Lettieri an opportunity to cure the deficiencies identified above and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Lettieri fails to show through timely objections that leave to amend should be granted, the Court should dismiss the Lanham Act claim with prejudice and relinquish jurisdiction over any remaining state law claims.

### Recommendation

Unless Plaintiff David C. Lettieri satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss the claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with prejudice and relinquish jurisdiction over any remaining state law claims, dismissing those claims without prejudice, to allow Lettieri to pursue them in a state forum if he so chooses.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE