IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID C. LETTIERI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. **3:24-cv-270-L-BN** |
| | § | |
| **SECURUS TECHNOLOGIES,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge David Horan ("Report") (Doc. 6) was entered on February 7, 2024, recommending that Plaintiff David C. Lettieri's ("Plaintiff") false advertising claim against Defendant Securus Technologies ("Defendant") should be dismissed pursuant to 28 U.S.C. § 1915(e)(2), and this action should be dismissed for lack of subject matter jurisdiction. Report 2-3. On February 27, 2024, Plaintiff filed Objections (Doc. 7) to the Report, and on February 28, 2024, Plaintiff filed an Amended Complaint (Doc. 8).

On January 29, 2024, *pro se* and in forma pauperis ("IFP") Plaintiff, incarcerated at the Niagara County jail, in Niagara, New York, filed his complaint asserting violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and provisions of New York law against Defendant and requesting $100,000 in damages because a video game that Plaintiff purchased from Defendant failed to deliver on the number of zombies advertised. *See, e.g.*, Doc. 3 at 7 (where the "game information from [Defendant]" promised "waves of zombies," "[P]laintiff did play for hours while stuck in Niagara County Jail, but it wasn't fun since there [were] no monsters or even zombies like it states"); *id.* ("[P]laintiff was expecting to [shoot] zombies. In five hundred and ten

Order – Page 1

levels, there was not one zombie to shoot[ ]. This does fit under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).").

Pursuant to 28 U.S.C. § 636(b), this civil action was referred to Judge Horan for pretrial management and for screening pursuant to 28 U.S.C. § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing the court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted). The Report concludes that:

> [Plaintiff] fails to allege a plausible claim for false advertising under Section 1125(a) based on his purchasing a videogame from [Defendant] that was not as zombie packed as he was led to believe.
>
> […]
>
> [Plaintiff] also throws in citations to New York statutes, but he does not identify those laws by name, much less allege facts to show how each law could apply to his factual scenario.
>
> And, while [Plaintiff] alleges that [Defendant] may be served at a post office box in Dallas, Texas, he fails to plead [its] citizenship and thus fails to allege federal subject matter jurisdiction under 28 U.S.C. § 1332.
>
> So, because [Plaintiff] has only pled federal subject matter jurisdiction under 28 U.S.C. § 1331, based on the Lanham Act claim, once that claim is dismissed at this initial stage, there will no longer be an "independent basis of subject matter jurisdiction" to allow for supplemental jurisdiction under 28 U.S.C. § 1367 for the remaining state law counts. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

Report 4-5. Therefore, "if [Plaintiff] fails to show through timely objections that leave to amend should be granted, the [c]ourt should dismiss the Lanham Act claim with prejudice and relinquish jurisdiction over any remaining state law claims." *Id.* at 6.

In his Objections, Plaintiff first argues—by asserting the same incoherent facts he alleged in his original complaint—that he has stated a claim. Obj. 1-2. The court, however, agrees with the Report that Plaintiff has failed to state a claim; therefore, it overrules his first objection. Next,

**Order – Page 2**

Plaintiff alleges that the court has jurisdiction pursuant to diversity of citizenship. *Id.* at 2-3. In support of this allegation, Plaintiff merely recites the law and states conclusory allegations that the parties are completely diverse and that the amount in controversy exceeds $75,000. *Id.* at 3. Specifically, Plaintiff states that "[he] is a citizen of New York, [Defendant] is a corporation in Texas[,] and the amount in [controversy] is one hundred[] thousand dollars which is over seventy[-]five grand." *Id.*

Plaintiff, however, bears the burden of establishing by a preponderance of the evidence that the parties are completely diverse and that the jurisdictional minimum is met. *De Aguilar v. Boeing Co.* (De Aguilar I), 11 F.3d 55, 58 (5th Cir. 1993). Defendant, a corporation, is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (explaining meaning of "principal place of business"). The amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted).

Here, as to diversity of citizenship, Plaintiff fails to state where Defendant is incorporated, where it has its principal place of business, and provide sufficient factual allegations from which the court can ascertain the citizenship of it. As to amount in controversy, Plaintiff's barebone, deficient pleading stating in conclusory fashion—without any factual basis—that he seeks $100,000 in damages is insufficient to meet his burden. To hold that the amount requested in this case is made in good faith requires a quantum leap of logic that this court has no basis to make. Because of this fatal flaw, the Plaintiff does not set forth any plausible allegations to show that the amount in controversy more likely than not exceeds $75,000. Accordingly, the court finds, based

on the pleadings before it, it does not have jurisdiction over Plaintiff's claims pursuant to diversity jurisdiction.

Finally, Plaintiff argues that he can state a claim evidenced by his amended complaint. Obj. 3. Upon review of his amended complaint, however, Plaintiff simply incorporates by reference his original complaint. Am. Compl. 4 (Under the Statement of Claim section, Plaintiff stated: "See previous notarized statement."). Therefore, Plaintiff still fails to state a plausible claim for relief. Further, although the court would ordinarily grant Plaintiff an opportunity to amend his pleadings especially to cure the jurisdictional deficiencies identified, the court finds that it lacks jurisdiction over all of Plaintiff's claims alleged (not just the claim pursuant to the Lanham Act) because they are incongruent, unintelligible, and facially deficient. *See Dilworth v. Dallas Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996) ("When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court.") (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977)). In other words, even if Plaintiff was given the opportunity to amend and cure the jurisdictional deficiencies, the court finds that any amendment would be frivolous. Accordingly, the court **overrules** Plaintiff's Objections.

Having considered the pleadings, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

**It is so ordered** this 13th day of May, 2024.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order – Page 4